

FILED

DEC 10 2015

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES A. COUTURE,<br><br>Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-80-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On July 1, 2015, James A. Couture filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Couture is a state prisoner proceeding pro se.

On September 18, 2015, Couture was ordered to show cause as to why his petition should not be dismissed as time-barred or procedurally defaulted. (Doc. 5). Couture timely responded; this matter is ready for adjudication.

I. **Federal Statute of Limitations**

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Because Couture filed an appeal, his 1-year limitation period runs from the "date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Couture's judgment became final 90 days after the Montana Supreme Court decided his

1

direct appeal, *State v. Couture*, No. DA 09-0427 2010 MT 201, (Sept. 14, 2010). That is, on December 13, 2010. On August 30, 2011, Couture filed a petition for post-conviction relief in the trial court. See Or. Denying Relief, attached to Pet., *Couture v. State*, DA 12-0194 (March 26, 2012).[1] At that point in time 8 months and 18 days of his federal limitations had elapsed. But, the remaining limitations period was tolled until the post-conviction petition was ultimately denied on January 26, 2012. *Id.*

Couture appealed the denial of his petition for post conviction relief by notice. See *Couture v. State*, DA 12-0194 (March 26, 2012). That appeal was dismissed on September 18, 2012. *Couture v. State*, DA 12-0194 (Or. Sep. 18, 2012). From that date, Couture had 105 days, or until January 1, 2013, to file his federal petition. But he did not file the petition with this Court until July 1, 2015.

Couture was directed to show cause why his petition should not be dismissed with prejudice as time-barred and was directed to as to how he might make this showing. (Doc. 5 at 4-5). Couture responds that he has "newly discovered evidence" that proves more likely than not that no reasonable fact finder could find him guilty beyond a reasonable doubt. (Doc. 10 at 4). Couture also contends that the record reveals he has been diligently pursuing his rights and he should be entitled to equitable tolling. *Id.*

---

[1] Available at: https://supremecourtdocket.mt.gov (accessed Dec. 7, 2015).

## A. Newly Discovered Evidence

The newly discovered evidence which Couture claims to possess is more properly characterized as a lack of evidence. Apparently, in November of 2015, Couture filed a motion for production of certain items from the trial court. *Id.* at 3. One of the items requested was a copy of all search warrants lodged in his underlying criminal case. *Id.* While documents were apparently provided in response to this request, there was no warrant provided for a search purportedly conducted on May 18, 2004.[2] Based upon this purported lack of a search warrant for that day, Couture argues that the evidence used against him at trial was illegally obtained. *Id.*

A federal district court cannot grant habeas relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with an "opportunity for full and fair litigation of a Fourth Amendment claim." *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Moorman v. Schriro*, 426 F. 3d 1044, 1053 (9th Cir. 2005). The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim.

---

[2] Couture's claim regarding a missing search warrant appears fanciful. Couture filed a petition for a writ of mandamus with the Montana Supreme Court requesting copies of "any and all documents, motions, and numerous reports, statements from the following officers, their agents and employees" pertaining to his underlying criminal case. See, Or., *Couture v. State*, OP 15-0602 (Oct. 20, 2015). The Montana Supreme Court denied Couture's request and also noted that the trial court had denied similar requests and issued written orders explaining the basis for each denial. *Id.* at 2.

3

*Otriz-Sandoval v. Gomez*, 81 F. 3d 891, 899 (9th Cir. 1996).

By Couture's own admission, his Fourth Amendment claim was litigated and fully briefed in the trial court by Attorney Dupuis. (Doc. 4 at 2). In fact, the trial court suppressed some of the evidence. *Id.*; see also Or. Suppressing Evidence, attached to Pet., *Couture v. State*, DA 12-0194 (March 26, 2012). Couture does not allege that any of these proceedings were inadequate or deficient. What is more, Couture only asserts his belief that there was a "possible" illegal search and seizure on May 18, 2004. Couture cannot meet his burden here under *McQuiggin v. Perkins,* that it is more likely than not that this newly discovered evidence would prevent a reasonable fact-finder of finding him guilty beyond reasonable doubt. Additionally, review of his claim is precluded by *Stone*.

### B. Equitable Tolling

As explained in this Court's prior order, equitable tolling of the one-year statute of limitations on petitions for federal habeas relief is only appropriate if Couture can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing of the petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653. The extraordinary circumstances must have been the cause of an untimely filing. *Pace v. Diguglielmo*, 554 U.S. 408, 418 (2005).

"[E]quitable tolling is available for the reason only when 'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time' and 'the extraordinary circumstances were the cause of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F. 3d 1092, 1097 (9th Cir. 2010) (citations omitted)(emphasis in original).

Couture has failed to adequately establish either prong of this test. In relation to the first prong, Couture simply contends that the numerous filings made over the years demonstrate his diligence. (Doc. 10 at 3). But from the September 18, 2012 dismissal of his post-conviction appeal, to the filing of a state habeas action on January 2, 2015, Couture did nothing. Contrary to Couture's assertion, this does not reveal an exercise of reasonable diligence.

Couture presents a possible extraordinary circumstance to excuse his untimely petition. (Doc. 10 at 4-5). Couture claims that he was never provided counsel to represent him at his December 8, 2011 post-conviction hearing, as provided for by Mont. Code Ann. § 46-21-201(2). While, Couture may have had a statutory right to appointed counsel at his hearing under Montana law, it is well settled that prisoners have no constitutional right to counsel in postconviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 756-757 (1991); see also *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). To the extent that

Couture contends a violation of state law occurred, it is not the province of this Court make such a determination. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, because the postconviction hearing occurred in December of 2011, this Court is hard-pressed to see how the lack of counsel then would have prevented Couture from filing a timely petition in this court by January 1, 2013.

Couture also seems to suggest that he has been unable to obtain portions of his file and this has somehow prevented him from timely raising his claims. (Doc. 10 at 5). For valid cause to exist, such an external impediment must have prevented Couture from raising the claim. *McClesky v. Zant*, 499 U.S. 467, 497-8 (1991). Couture has not identified with specificity exactly what documents he has been deprived of or how not physically possessing said documents has prevented him from developing a factual or legal basis for his claim. Likewise, neither Couture's ignorance of the law nor his indigence provides a valid basis for equitable tolling. See *Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir.2006) (an inmate's "ignorance of the law" and "lack of legal sophistication" is not an extraordinary circumstance warranting equitable tolling).

## II. Conclusion

All of Couture's claims are untimely. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). Couture's failure to comply with the federal limitations period cannot be excused. His petition should be dismissed as time-barred.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of the claims advanced by Couture appear to make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because the petition is time-barred, no reasonable jurist would find his claims timely, and there is no basis to encourage further proceedings.

## RECOMMENDATION

1. Mr. Couture's Petition (Doc. 1) should be DISMISSED as time-barred without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Couture may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Couture must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this /4th day of December, 2015.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.