IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES A. COUTURE,<br><br>Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-80-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On January 19, 2016, judgment was entered dismissing Couture's habeas action as time-barred. Order (doc. 13); Judgment (Doc. 14). Couture did not file a notice of appeal.

On July 24, 2017, Couture moved this Court to withdraw his original petition and reopen the case. (Doc. 15). Couture's Motion to Withdraw was denied, but Couture was advised that he could potentially seek relief from the judgment under Fed. R. Civ. P. 60(b)(4), (5), or (6) and was advised the ways in which he might make such a showing. (Doc. 16 at 3-4). Couture was also advised that he could potentially file a second habeas petition, but that stringent restrictions governed successive filings. *Id.* at 4-5. Couture was ordered to respond and was informed that unless he was able to make the requisite showing under Rule 60(b)

1

or sought to file a second habeas petition, the Court was unable to grant relief. *Id.* at 5. Couture responded. (Docs. 19; 19-1).

Couture urges this Court to determine the merits of his claim that were not addressed by the prior proceedings because the petition was dismissed with prejudice as time-barred. But, because Couture has not made the necessary showing under of extraordinary circumstances under Rule 60(b)(6), this Court cannot reopen the federal habeas proceedings.

I. **Couture's Response**

Generally, Couture argues that his state court proceedings have been unfair and handled by ineffective counsel. Couture seems to believe that his appellate counsel, David Avery, performed deficiently by abandoning a claimed Fourth Amendment Violation and, in essence, acquiescing to what Couture characterizes as unconstitutional searches and seizures that tainted the entirety of his state court proceedings. See generally, (Doc. 19 at 2-4; 6-9). Couture argues it is unjust for him to be prevented from presenting the merits of this potential suppression issue when he did not understand and/or agree with Avery's abandonment of the claim on appeal. *Id.* at 4; see also (Doc. 19-1 at 23-24).[1] Couture then argues that he believes this failure is indicative of the bias and incompetence permeating the

---

[1] Couture also believes one of his attorneys, Ben Anciaux, had a conflict of interest because he represented another individual who was a witness against Couture. (Doc. 19-1 at 20; 23-27). Anciaux withdrew as counsel before Couture's trial. *Id.* at 28-30.

2

Montana State Public Defender System and state court system as a whole. *Id.* at 4-5; 6-9; see also, (Doc. 19-1 at 23-27). Couture asserts he was wrongly deprived of presenting a defense of justifiable use of force, (doc. 19-1 at 31-35; 43-48), and that his fundamental rights to due process and a fair trial were violated. (Doc. 19 at 5-6). Couture seems to believe this series of events constitutes an extraordinary circumstance sufficient to set aside this Court's prior judgment. See e.g., *id.* at 8.

## II. Analysis Under Rule 60(b)

"Rule 60(b)(6) is a grand reservoir of equitable power," *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir.1992), affording courts the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." *Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). However, the Ninth Circuit has "cautioned against the use of provisions of Rule 60(b) to circumvent the strong public interest in [the] timeliness and finality" of judgments. *Flores v. Arizona*, 516 F.3d 1140, 1163 (9th Cir.2008). Given these potentially countervailing considerations, the exercise of a court's equitable power under Rule 60(b)(6) to reconsider its judgment "requires a showing of 'extraordinary circumstances.'" *Gonzalez*, 545 U.S. at 536, 125 S. Ct. 2641.

Because Couture does not predicate his Rule 60(b)(b) motion on an intervening change of law, *see e.g., Phelps v. Alameida*, 569 F. 3d 1120, 1133 (9th

3

Cir. 2009), the standards that apply in the instant case are less specific. A motion under Rule 60(b)(6) must be reasonably timely, Fed. R. Civ. P. 60(c)(formerly Rule 60(b) second sentence), and must demonstrate that "extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *United States v. Alpine Land & Reservoir Co.*, 984 F. 2d 1047, 1049 (9th Cir. 1993), or "prevented [the] party from taking timely action to prevent or correct an erroneous judgment," *Greenawalt v. Stewart*, 105 F. 3d 1268, 1273 (9th Cir. 1997)(per curiam). The extraordinary circumstance must be "beyond his control," *Community Dental Servs. V. Tani*, 282 F. 3d 1164, 1168 (9th Cir. 2002). "[R]elief may not be had where the party seeking reconsideration has ignored normal legal recourses." *Alpine Land*, 984 F. 2d at 1049)(internal quotation marks omitted).

In the materials provided in support of his petition, Couture acknowledges he unsuccessfully attempted to file a writ of certiorari to the United States Supreme Court. (Doc. 19-1 at 9-18). Couture attempted to file a second writ of certiorari, but acknowledges there was a five-year delay between the two filings. *Id.* at 9. Couture cannot explain this delay. *Id.*

Couture was previously given an opportunity to explain his tardy filing in this Court. It was determined that Couture did not exercise reasonable diligence in attempts to file. See, (Doc. 11 at 5-6). Couture presents nothing in his present documents that would cause this Court to reconsider its previous ruling or that

4

would constitute an extraordinary circumstance justifying reopening these proceedings.

Additionally, nowhere in his filings does Couture claim that this Court erred when it previously dismissed his petition. But, even if this Court did err, any error could have been appealed. And, error by the Court is not an extraordinary circumstance under Rule 60(b)(6), because it does not prevent a litigant "from taking timely action to prevent or correct" the district court's judgment. *Greenawalt*, 105 F. 3d at 1273. As set forth above, Couture did not file a notice of appeal. Nor does Couture attack the integrity of the federal proceedings, but rather he seeks to challenge the validity of the state court judgment yet again. He cannot obtain the relief he seeks under Rule 60.

Couture has not met the high standard set out by Rule 60(b)(6). Couture has not shown that something beyond his control prevented him from appealing this Court's prior ruling. Couture was provided with his one fair shot at habeas review. See, *Gonzalez*, 545 U.S. at 542. When his petition was dismissed, he elected not to appeal. Nothing presented by Couture in his present filings constitutes an extraordinary circumstance. The Court may not reopen the federal habeas proceedings under Fed. R. Civ. P. 60(b)(6) simply to allow Couture to continue to attempt to litigate claims that have already been dismissed.

### III. Certificate of Appealability

A COA is required to appeal the denial of a Rule 60(b) motion for relief from judgment. *U.S. v. Winkles*, 795 F. 3d 1134, 1143 (9th Cir. 2015). A COA should issue if the movant show that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying motion states a valid claim of the denial of the constitutional right. *Id.*

A certificate of appealability should be denied. Couture has not demonstrated the requisite extraordinary circumstances for relief. Moreover, he has not demonstrated that (1) jurists of reason would find it debatable whether this Court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Couture's Motion (Doc. 15), which the Court has construed as a motion for relief under Fed. R. Civ. P. 60(b)(6), should be DENIED.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Couture may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Couture must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 19th day of September, 2017.

<i>/s/ Jeremiah C. Lynch</i><br>
Jeremiah C. Lynch<br>
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Couture is being served by mail, he is entitled to an additional three (3) days after the period would otherwise expire.