IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

OCT 20 2017

Clerk, U.S District Court
District Of Montana
Missoula

JAMES A. COUTURE,

Petitioner,

vs.

DAVID BERKEBILE; ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents.

CV 15–80–M–DLC–JCL

ORDER

On September 19, 2017, United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations, recommending that Plaintiff James A. Couture's ("Couture") motion for relief under Fed. R. Civ. P. 60(b)(6) be denied. Couture timely filed an objection to the findings and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."

*United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Because the parties are familiar with the factual and procedural background, it will not be restated here.

Having reviewed Couture's objection, the Court finds that he fails to articulate any specific issue with Judge Lynch's reasoning, and instead explains that he was unaware of the "extraordinary circumstances" standard under Fed. R. Civ. P. 60(b)(6). Couture explains that he did not appeal this Court's prior ruling on his habeas petition because he "didn't know what, or understand what [he] was reading and interpreting. That is why [he] elected not to appeal." (Doc. 21 at 2.) Couture states that he has presented all evidence he had before him and proceeded with due diligence in this case. Under Fed. R. Civ. P. 60(b)(6), a court may exercise its equitable power to reconsider its judgment but it "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). The extraordinary circumstance must be "beyond his control," *Community Dental Servs. v. Tani*, 282 F. 3d 1164, 1168 (9th Cir. 2002), and "[R]elief may not be had where the party seeking reconsideration has ignored normal legal recourses." *United States v. Alpine Land & Reservoir Co.*, 984 F. 2d 1047, 1049 (9th Cir. 1993). Couture has not shown that something beyond his control prevented him from appealing this Court's prior ruling. He simply did not appeal.

Accordingly, the Court reviews Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 20) are ADOPTED IN FULL. Couture's Motion (Doc. 15), which the Court has construed as a motion for relief under Fed. R. Civ. P. 60(b)(6), is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 20th day of October, 2017.

Dana L. Christensen, Chief Judge
United States District Court